IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM SCOTT CARPENTER,

> Plaintiff,

v.                                                          Case No.  26-2200-JWB

FAIRLANE CONTRACTORS, LLC, et al.,

> Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants Fairlane Contractors, LLC and Donald Williams' motion to dismiss.  (Doc. 13.)  The motion has been fully briefed and is ripe for decision.[1]  (Docs. 14, 22.)  The motion is DENIED for the reasons stated herein.

**I.      Facts**

The facts set forth herein are taken from the allegations in the complaint.  (Doc. 1.) Defendants Guy Brown and Donald Williams are the owners of Fairlane Contractors.  In the fall of 2024, Plaintiff began working for Defendants as a lead sales representative and project manager for Fairlane's roofing and restoration operations in the greater Kansas City area.  Plaintiff alleges that he entered into a contract with Fairlane.  Under the terms of the contract, Plaintiff and Fairlane agreed that Plaintiff's compensation would be comprised of fifty percent of the net profit on each job that he sold and managed.  (*Id.* ¶ 10.)  Essentially, Plaintiff and the owners would split the profit 50/50 after all costs.  On or about October 10, 2024, Plaintiff emailed Brown and Williams and reiterated the agreed terms of his compensation.  On October 16, 2024, Williams responded and proposed modifications to the compensation structure; however, Plaintiff continued to receive

---

[1] Defendants did not file a reply brief and the time for doing so has now passed.

payments based on the previously agreed to terms. (*Id.* ¶ 12.) On December 23, 2025, Brown emailed Plaintiff and stated that the "simplest and cleanest approach" was to pay Plaintiff on a 50/50 split after job costs. (*Id.* ¶ 13.) The email included a project financials spreadsheet showing Plaintiff's "commission" at fifty percent. (*Id.*) However, the email informed Plaintiff that Defendants were imposing a ten percent overhead deduction from gross project revenues before calculating the 50/50 split and that this overhead deduction was retroactive. On February 9, 2026, Plaintiff notified Defendants that he rejected the modification and that he never agreed to an overhead deduction. (*Id.* ¶ 18.) Defendants refused to pay Plaintiff on several completed jobs. On January 19, 2026, Plaintiff was owed commissions in the amount of $304,197. (*Id.* ¶ 20.) The amount due has now grown to over $350,000 because other jobs have been completed and Plaintiff has not been paid. Plaintiff ended his employment on February 23, 2026.

Plaintiff further alleges that Williams and Brown made several false representations to Plaintiff about his compensation structure, that they knew those statements were false and that they made those statements to induce Plaintiff to continue working for Defendants. Plaintiff also asserts that Defendants have retained the proceeds from the sales without paying Plaintiff and, as a result, have been unjustly enriched.

Plaintiff filed this action against Defendants asserting claims of breach of contract, violation of the Kansas Commission Salesperson Act ("KCSA"), K.S.A. § 44-341 or, in the alternative, violation of the Missouri Sales Representative Act ("MSRA"), Mo. Rev. Stat. §§ 407.911–407.915, unjust enrichment (plead as an alternative to the breach of contract claim), and fraud. Fairlane now moves to dismiss the first three claims and Williams moves to dismiss all claims against him.

**II.     Standard**

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III. Analysis

### A. Breach of Contract

Defendants move to dismiss Plaintiff's breach of contract claim on the basis that it is barred by the statute of frauds because it is not in writing and signed by Defendants. K.S.A. § 33-106 provides "[n]o action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement . . . shall be in writing and signed by the party to be charged." The Kansas Supreme Court has interpreted this to mean that § 33-106 applies "[o]nly when the terms of the alleged agreement demonstrate that it is impossible in both fact and law for the parties to complete the agreement within one year." *Monarch Build, LLC v. DLH Holdings, LLC*, 65 Kan. App. 2d 519, 538, 567 P.3d 831, 846 (2025) (quoting *Ed DeWitte Ins. Agency v. Financial Assocs. Midwest*, 308 Kan. 1065, Syl. ¶ 2, 427 P.3d 25 (2018)). Defendants have the burden to prove this as an affirmative defense. *Id.* Here, based on the allegations, the court cannot conclude as a matter of law that the agreement could not be completed in one year. As it was essentially an employment contract and there is no allegation of a term, it could be terminated by either party at will. Therefore, the court declines to dismiss the claim on this basis.

Defendants also argue that Kansas has adopted the Uniform Commercial Code (U.C.C.) which requires that contracts for the sale of goods in the amount of $500 or more must be in writing. (Doc. 14 at 3.) This agreement was not for the sale of goods; it was for Plaintiff's services. Therefore, the U.C.C. is not applicable.

**B. Standing**

Next, Defendants argue that Plaintiff lacks standing under the KCSA or the MSRA because he is not a "commission salesperson" or a "sales representative" under those statutes. Turning to the KCSA, a commission salesperson is defined as "a person who contracts with and is authorized by a principal to solicit within this state wholesale orders for that principal for merchandise to be shipped into this state or services to be performed within this state and who is compensated therefor by commission." K.S.A. § 44-341(a). Defendants argue that Plaintiff is not a commission salesperson because he has not entered into a contract with Defendants. Plaintiff, however, has alleged that Fairlane, through the owners, agreed to terms in which he was to earn a fifty percent commission on all sales after job costs. Therefore, he has sufficiently alleged that he has contracted with Fairlane. Defendants also argue that Plaintiff must solicit wholesale orders within Kansas to be a commissioned salesperson. The statutory provision, however, requires Plaintiff to either solicit wholesale orders for merchandise shipped into Kansas or solicit orders for services to be performed. According to the allegations, Plaintiff was soliciting roofing and restoration projects to be performed in both Kansas and Missouri on behalf of Defendants. Therefore, his allegations are sufficient to show that he was a commissioned salesperson as he was soliciting sales of services on behalf of Fairlane.

Turning to Missouri law, a "[s]ales representative" is "a person . . . who contracts with a principal to solicit orders and who is compensated, in whole or in part, by commission." Mo. Rev.

4

Stat. § 407.911(3).  Defendants argue that Plaintiff does not meet the statutory definition because he does not conduct wholesale orders of products, citing to *Hoffman v. Van Pak Corp.*, 16 S.W.3d 684, 688 (Mo. Ct. App. 2000).  (Doc. 14 at 4.)  As pointed out by Plaintiff, however, the statute at issue was revised after the *Hoffman* decision and no longer includes a reference to wholesale orders.  *Compare id.* (quoting the prior version of § 407.911(3) as follows: "Sales representative [is] a person who contracts with a principal to solicit **wholesale** orders. . .") (emphasis supplied) *with* § 407.911(3) (2005).

As Defendants make no further argument regarding the current statutory definition, their motion to dismiss on this ground is denied.

### C.  Williams

Finally, Defendant Williams moves to dismiss all claims against him on the basis that Plaintiff's allegations are based on his actions in his capacity as a member of Fairlane.  Williams asserts that there is no allegation that Williams did any action in his capacity as an individual.  In response, Plaintiff argues that Williams is not immune from liability for torts he personally committed merely because he acted through the entity.  Further, Plaintiff alleged that Williams took certain actions and did not indicate that his actions were merely on behalf of Fairlane.  Plaintiff argues that he has sufficiently alleged claims against Williams and that the court should not dismiss Plaintiff's claims on Williams' "underdeveloped argument."  (Doc. 22 at 11.)  The court agrees.  The court is not to make arguments on behalf of a party.  Williams' arguments in support of dismissal of Plaintiff's five claims against him are set forth in two paragraphs and are conclusory.  The court declines to craft arguments on behalf of Williams.  *See White v. Werholtz*, No. CIV.A.07-3182-CM, 2009 WL 1343158, at *2 (D. Kan. May 4, 2009) ("Defendants bear the burden of showing that plaintiff is not entitled to proceed with his case or individual claims. The

5

court will not make their specific arguments for them or supply the analytical connections that defendants failed to make.")

## IV.    Conclusion

Defendants' motion to dismiss (Doc. 13) is DENIED.

IT IS SO ORDERED.  Dated this 22nd day of July, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

6